LECTORA, PETICIONARIO Y APELADO, *v.* ASAMBLEA MUNICIPAL DE GUAYAMA, DEMANDADA Y APELANTE.

APELACIÓN procedente de la Corte de Distrito de Guayama en un procedimiento de *certiorari.*

No. 2545.—Resuelto en abril 10, 1922.

ORDENANZA MUNICIPAL IMPONIENDO CONTRIBUCIONES ESPECIALES.—Una ordenanza municipal por la cual se crea una contribución adicional fijando el tipo de la misma, para dedicar la recaudación a determinadas obras y mejoras públicas, no es necesariamente nula por el hecho de que en el texto de la misma no se asignen específicamente las partidas y el departamento para el cual se hiciere la asignación. Tales requisitos, exigidos por la Ley Municipal de 1919, sección 61, deben cumplirse cuando recaudada la contribución especial se procede a su inversión mediante ordenanza.

Los hechos están expresados en la opinión.

Abogado de la apelante: *Sr. C. Domínguez Rubio.*

Abogados del apelado: *Sres. M. A. Martínez y A. Arroyo.*

EL JUEZ ASOCIADO SR. HUTCHISON, emitió la opinión del tribunal.

En 14 de marzo de 1921, la Asamblea Municipal de Guayama aprobó una ordenanza cuya parte dispositiva es como sigue:

"Ordénese por la Asamblea Municipal de Guayama, P. R.—Sección 1ª.—Imponer una contribución adicional de veinte centésimas del uno por ciento anual sobre la propiedad durante el año económico de 1921–22 además de todas las contribuciones ya impuestas sobre el valor de toda la propiedad mueble e inmueble dentro de la Municipalidad de Guayama, según tasación hecha por el Tesorero de Puerto Rico para que en su oportunidad proceda al cobro de la contribución impuesta por la presente.

"Sección 2ª.—El producto de la contribución que se impone por esta ordenanza, será dedicado a las mejoras siguientes:

"Construcción de un hospital para dementes.

"Construcción Caseta para depósito de cadáveres.

"Pavimentación de calles y otras mejoras públicas.

"*Disponiéndose* que todo exceso que resultare del cobro de esta contribución sobre los gastos ocasionados por las mejoras públicas antes dichas, será aplicado a otras atenciones, según determine la Asamblea Municipal."

A virtud de procedimientos de *certiorari,* la Corte de Distrito de Guayama declaró nula dicha ordenanza, por las razones siguientes:

"Porque se asignaban fondos sin especificar las partidas, ni el ramo o departamento donde se van a utilizar, tal cual lo exige la sección 61 de la Ley Municipal.

"Porque se asignan fondos para mejoras públicas que no están designadas de acuerdo con la sección 49, apartado C de la Ley Municipal.

"Porque se hacen asignaciones en dicha ordenanza sin observar los requisitos de la sección 23 de la Ley Municipal y 34 párrafo 16 de nuestra Carta Orgánica."

La sección 61 de la Ley de 1919, prescribe lo siguiente: (bastardilla nuestra.)

"No * * * *se harán asignaciones de ningún dinero,* para ningún fin, cualquiera que éste sea, sino por ordenanza o resolución de la asamblea municipal especificando las partidas y el departamento o ramo del servicio para el cual se hiciere la *asignación.*" Leyes de 1919, pág. 719.

La sección 49 cuando la ordenanza fué aprobada disponía en parte lo siguiente:

"Los ingresos municipales consistirán—

"(c) En cualquier recargo de la contribución sobre la propiedad imponible del municipio, siempre que así se acordare por las dos terceras partes de la asamblea municipal * * *.

"Tal recargo sólo podrá destinarse a amortización de empréstitos

ya contratados o que se contraten en lo sucesivo, al fomento de la instrucción elemental, a la construcción de carreteras municipales o inter-municipales, acueductos, plantas eléctricas, alcantarillados, construcción de hospitales, cementerios, asilos de ancianos y huérfanos, sanatorios de tuberculosos, manicomios y reformatorios, plazas de mercado, pavimentación, asfaltado y arbolado de calles, muelles y malecones, casas escuelas y para maestros, granjas agrícolas, casas para ser vendidas a trabajadores a largos plazos, erecciones de aldeas, diques para evitar inundaciones, lavaderos públicos y edificios para oficinas municipales. Dicho recargo de la contribución sobre la propiedad se recaudará por el Tesorero de Puerto Rico, sirviendo de autoridad al efecto una copia certificada de la ordenanza que adoptare la asamblea municipal.'' Leyes de 1920, pág. 71.

La sección 23 prescribe lo siguiente:

''Todas las limitaciones impuestas por la Ley Orgánica de Puerto Rico a la Asamblea Legislativa y a sus miembros, serán aplicables, hasta donde fuere posible, a la Asamblea Municipal y a los miembros de la misma.'' Leyes de 1919, pág. 699.

El párrafo de la sección 34 de la Ley Orgánica a que se ha hecho referencia prescribe lo siguiente:

''El proyecto de presupuesto general no comprenderá nada más que asignaciones para los gastos ordinarios de los departamentos ejecutivo, legislativo y judicial, para el pago de intereses de la deuda pública y para escuelas públicas. Todas las demás asignaciones se consignarán en proyectos separados, abarcando cada uno una sola materia.'' Leyes de 1919, pág. 47.

Si este último párrafo tiene alguna aplicación, en él se habla de presupuestos, y la sección 61 de la Ley Municipal regula *''the appropriation of funds.''* La versión castellana es ''asignación de dinero.'' En forma parecida prescribe la sección 44 que ''el total de la contribución sobre la propiedad que *ingrese* más el *producto* del 'school tax', si lo hubiere'' no podrá ser menor ''que el montante del presupuesto de gastos de instrucción pública.'' No encontramos nada en ninguna parte de la Ley Municipal que exija que se hagan

asignaciones en el momento y en la misma ordenanza en que la contribución se impone.    La ordenanza en cuestión no tiene por objeto asignar dinero o fondos.    En ella meramente se determinan los fines a los cuales se destinará el producto de la contribución, en perfecta armonía con las disposiciones de la sección 49.    Prescribe dicha sección que la contribución será recaudada por el Tesorero de Puerto Rico sirviendo de autoridad al efecto el presupuesto u ordenanza votada por la asamblea municipal.    No expresa que el dinero que así ha de recaudarse—deberá ser "asignado" o "dedicado" a ningún fin específico antes de ser recaudado.    En realidad nada dice sobre asignaciones.

Los particulares enumerados en la ordenanza están todos comprendidos en las prescripciones de la sección 49.    El *disponiéndose* en cuanto a la aplicación que ha de darse a cualquier exceso que resultare pudo haber sido más específico, y no es una fuerte presunción de nuestra parte el asumir que cualquiera aplicación que pueda dársele en el futuro, el gasto de tal exceso será una función legal ejercida por el poder legislativo.

De todos modos, los contribuyentes tímidos tienen derecho a confiar en la creencia de que si la asamblea municipal tratare de dar una aplicación al producto de la contribución que ahora se pretende imponer distinta a los fines indicados tanto en la ordenanza como en el estatuto, podrán todavía acudir a las cortes y hacer uso de cualquier remedio que la ley les conceda.

Pero hasta tanto no se ejecute un acto manifiesto, y hasta el punto de abstenerse de establecer procedimientos legales prematuros, aquellos que pudieran oponerse, por escrupulosos que sean, deben sufrir en silencio, reprimir toda tendencia pesimista en pensar por anticipado en el mal, y esperar que se desarrollen los acontecimientos, y si no tienen plena confianza en que se cumplirá estrictamente con la letra

de la ley deberán por lo menos revestirse de aquella paciencia que requieran las circunstancias.

Debe revocarse la sentencia apelada.

> *Revocada la sentencia apelada y desestimada la solicitud sin especial condena de costas.*

Jueces concurrentes: Sres. Presidente del Toro y Asociado Aldrey.

El Juez Asociado Sr. Wolf no intervino en la vista de este caso.